UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

TAMMY KUYKENDALL,

    Plaintiff,

v.                                                      Civ. No. 16-1097 GJF

NANCY A. BERRYHILL, *Acting Commissioner of the Social Security Administration*,

    Defendant.

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Remand or Reverse Agency Decision, filed on June 5, 2017. ECF No. 18. Plaintiff also filed a "Brief In Support of Second Complaint Motion to Reverse or Remand" ("Motion") on June 5, 2017.[1] ECF No. 19. The Commissioner responded on August 14, 2017. ECF No. 21. Plaintiff replied on August 28, 2017. ECF No. 23. Having meticulously reviewed the entire record and the parties' briefing, the Court finds that Plaintiff's Motion is not well taken and that the Administrative Law Judge's ("ALJ's") ruling should be **AFFIRMED**. For the reasons articulated below, the Court will **DENY** Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff's background has been well documented through the previous Proposed Findings and Recommended Disposition ("PFRD") issued by U.S. Magistrate Judge William P. Lynch. *See* PFRD, Jan. 26, 2015, at 993-1006, ECF No. 27, Civ. No. 13-877 MV/WPL.[2] In short, Plaintiff was born on September 29, 1961. Administrative R. ("AR") 900. She earned her high school diploma and attended two years of college. AR 929, 993. Plaintiff previously

---

[1] Hereafter, citations to Plaintiff's Motion shall refer to Plaintiff's Brief in Support [ECF No. 19].
[2] Judge Lynch's PFRD also appears as part of the administrative record in this case. *See* AR 991-1010.

1

worked as a school bus driver, with intermittent work for the U.S. Census Bureau as a crew leader and for H & R Block as a data entry clerk. AR 932, 993.

Plaintiff first filed for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits on August 2, 2010. AR 19. For both applications, Plaintiff alleged onset of disability beginning May 28, 2008. AR 19. Both claims were denied initially and again upon reconsideration. AR 19. Plaintiff then requested a hearing, which was held before Administrative Law Judge ("ALJ") Michael Harris. AR 19. Plaintiff testified and was represented by counsel. AR 19. Vocational expert ("VE") Nicole B. King also testified. AR 19.

On November 13, 2012, ALJ Harris issued his decision that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). AR 27. Plaintiff then requested that the Social Security Administration's ("the SSA's") Appeals Council ("AC") review the ALJ's decision, which it declined to do. AR 1. Subsequently, Plaintiff sought judicial review of the decision, and Judge Lynch recommended that the case be remanded to the SSA because ALJ Harris "committed legal error in failing to consider and discuss the factors in determining the weight to assign to these three non-treating sources' opinions." AR 1009. Judge Lynch also concluded that ALJ Harris "misstated the burden [of proof]" at step five. AR 1009. United States District Judge Martha Vazquez adopted Judge Lynch's PFRD and remanded the case to the SSA for proceedings consistent with the PFRD. AR 990. The AC then vacated ALJ Harris's decision and remanded the case "for further proceedings consistent with the order of the court." AR 1013.

The SSA's post-remand review was complicated somewhat because of a development that occurred while Plaintiff's original appeal was pending before Judge Vazquez: Plaintiff had filed a second application for DIB and SSI benefits on August 12, 2013. AR 1013. The second

application was denied, but upon reconsideration, the SSA found that Plaintiff was disabled beginning November 14, 2012, the day after ALJ Harris's decision. AR 1013. Accordingly, in its remand instructions, the AC "neither affirm[ed] nor reopen[ed] the determinations on [Plaintiff's] subsequent applications, but instead direct[ed] the [ALJ] to evaluate [Plaintiff's] subsequent allowance pursuant to the reopening provisions set forth in 20 CFR 404.987-989, 416.1487-1489, HALLEX I-2-9-1, and HALLEX I-2-9-10." AR 1013. The AC continued, "[i]f the Administrative Law Judge does not reopen the subsequent determinations, the favorable determinations will remain final and the issue of disability will be limited to the period prior to November 14, 2012." AR 1013.

Plaintiff received a new administrative hearing before ALJ B.D. Crutchfield on April 19, 2016. AR 885. Plaintiff testified and was represented by counsel, and VE Mary D. Weber also testified. AR 885. After the hearing, ALJ Crutchfield found that Plaintiff was not disabled within the meaning of the Act from May 28, 2008, through November 13, 2012. AR 901. Plaintiff then appealed the denial to this Court. ECF No. 1.[3]

## II. PLAINTIFF'S CLAIMS

Plaintiff argues that the ALJ again misstated the burden of proof at step five. Pl.'s Mot. 16-17, ECF No. 19. She also asserts that the ALJ erred by failing to ask the VE whether her testimony was consistent with the Dictionary of Occupational Titles ("DOT").[4] *Id.* at 17-19. Finally, Plaintiff contends that the ALJ erred by failing to consider evidence that arose after November 14, 2012. *Id.* at 21-22. Specifically, Plaintiff argues that the ALJ should have

---

[3] Because this case was remanded by the U.S. District Court, Plaintiff elected to forgo another appeal to the Appeals Council and instead proceeded directly back to this Court. *See* 20 C.F.R. § 404.984(a) & (d) (2015).
[4] The DOT includes detailed descriptions of jobs (classified by their exertional and skill requirements) that exist in the national economy. 20 C.F.R. § 220.134 (2017). Regulations require the Commissioner to take administrative notice of job information provided by the DOT. 20 C.F.R. § 404.1566 (2017).

3

reviewed evidence from the second disability determination, since it concluded that Plaintiff was disabled beginning the day after the first ALJ's decision that Plaintiff was not disabled. *Id.*

## III. APPLICABLE LAW

### A. Standard of Review

The Court's review of an ALJ's decision denying disability is both factual and legal. *See Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)) ("The standard of review in a social security appeal is whether the correct legal standards were applied and whether the decision is supported by substantial evidence."). The factual findings at the administrative level are conclusive "if supported by substantial evidence." 42 U.S.C. § 405(g) (2012). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. Substantial evidence does not, however, require a preponderance of the evidence. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

As for review of an ALJ's legal decisions, the Court reviews "whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases." *Lax*, 489 F.3d at 1084. The Court may reverse and remand if the ALJ failed "to

apply the correct legal standards, or to show . . . that she has done so." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996).

Ultimately, if substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214, *Doyal*, 331 F.3d at 760.

B.     **Sequential Evaluation Process**

The SSA has devised a five-step sequential evaluation process to determine disability. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4) (2016). At the first three steps, the ALJ considers the claimant's current work activity, the medical severity of the claimant's impairments, and the requirements of the Listing of Impairments. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), & Pt. 404, Subpt. P, App'x 1. If a claimant's impairments are not equal to one of those in the Listing of Impairments, then the ALJ proceeds to the first of three phases of step four and determines the claimant's residual functional capacity ("RFC"). *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(e), 416.920(e). In phase two, the ALJ determines the physical and mental demands of the claimant's past relevant work, and in the third phase, compares the claimant's RFC with the functional requirements of her past relevant work to determine if the claimant is still capable of performing her past work. *See Winfrey*, 92 F.3d at 1023; 20 C.F.R. §§ 404.1520(f), 416.920(f). If a claimant is not prevented from performing her past work, then she is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). The claimant bears the burden of proof on the question of disability for the first four steps, and then the burden of proof shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Talbot v. Heckler*, 814 F.2d 1456, 1460 (10th Cir. 1987).

If the claimant cannot return to her past work, then the Commissioner bears the burden at the fifth step of showing that the claimant is nonetheless capable of performing other jobs existing in significant numbers in the national economy. *See Thomas*, 540 U.S. at 24-25; *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step sequential evaluation process in detail).

## IV. ANALYSIS

In this appeal, Plaintiff argues that the ALJ applied the law incorrectly. The Court is not persuaded. First, the ALJ accurately described the Commissioner's burden at step five. Second, the transcript of the administrative hearing reveals that, as the Commissioner points out, the ALJ asked the VE to advise her if her testimony conflicted with the DOT or was otherwise not addressed in the DOT. AR 940; *see* Def.'s Resp. 5, ECF No. 21. The ALJ therefore complied with the requirements of *Haddock v. Apfel*, 196 F.3d 1084 (10th Cir. 1999) and the requirements of Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704 (Dec. 4, 2000). Finally, the ALJ did not err by considering only evidence from May 28, 2008, to November 13, 2012. The Court therefore affirms.

### A. The ALJ Accurately Described the Commissioner's Burden at Step Five

Plaintiff argues that the ALJ misstated the Commissioner's burden at step five, noting that Judge Vazquez previously remanded in part for a similar error by the prior ALJ. Pl.'s Mot. 16-17. Plaintiff also asserts that the ALJ's error was compounded by her failure to ensure that the VE's testimony was consistent with the DOT. *Id.* at 18. The Commissioner responds that the ALJ articulated the correct burden at step five. Def.'s Resp. 6-7. The Commissioner also argues that no matter how the ALJ characterized that burden, the Commissioner satisfied it here because, in response to a hypothetical question that included all of Plaintiff's RFC limitations,

the VE identified three occupations that Plaintiff could perform. *Id.* at 7. The Court agrees with the Commissioner.

The Tenth Circuit describes the Commissioner's burden at step five as follows: "If the [plaintiff] successfully meets his burden [at steps one through four], the burden of proof shifts to the Commissioner at step five to show that the [plaintiff] retains sufficient residual functional capacity (RFC) to perform work in the national economy, given his age, education, and work experience." *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Describing the burden of proof at step five, the ALJ wrote:

> At the last step of the sequential evaluation process [20 C.F.R. §§ 404.1520(g) and 416.920(g)], I must determine whether [Plaintiff] is able to do any other work considering her residual functional capacity, age, education, and work experience. If [Plaintiff] is able to do other work, she is not disabled. If [Plaintiff] is not able to do other work and meets the duration requirement, she is disabled. Although [Plaintiff] generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Social Security Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [Plaintiff] can do, given the residual functional capacity, age, education, and work experience [20 C.F.R. .§§ 404.1512(g), 404.1560(c), 416.912(g) and 416.960(c)].

AR 887-88. According to Plaintiff, the following language misstates the burden at step five: "Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration." AR 888; *see* Pl.'s Mot. 16-17.

This issue has come up before in this district. In *Rivera v. Berryhill*, U.S. District Judge Robert Brack held that language identical to that challenged by Plaintiff has an established legal basis in 68 Fed. Reg. 51153–01, which "explains that the Commissioner's burden at step five is 'limited' because it is simply a shift in the burden of proof." 242 F. Supp. 3d 1226, 1231

7

(D.N.M. 2017). According to the regulation, "[W]hile the Commissioner has a burden of production of evidence at step five, 'the ultimate burden of persuasion to prove disability . . . remains with [the claimant].'" *Id.* (quoting Clarification of Rules Involving Residual Functional Capacity Assessments; Clarification of Use of Vocational Experts and Other Sources at Step 4 of the Sequential Evaluation Process; Incorporation of 'Special Profile' into Regulations, 68 Fed. Reg. 51,153, 51,155 (Aug. 26, 2003) (to be codified at 20 C.F.R. pts. 404, 416)). *Rivera* recognized that "while the Tenth Circuit has not addressed the issue, other circuits have explicitly stated that the Commissioner's burden at step five is a limited one." 242 F. Supp. 3d at 1231 (citing *Poupore v. Astrue,* 566 F.3d 303, 306 (2d Cir. 2009) ("We agree in any event with the Commissioner that new regulations abrogate the *Curry v. Apfel* standard of review and clarify that there is only a limited burden shift to the Commissioner at step five.") (citing 20 C.F.R. § 404.1560(c)(2) (2012)); *Bellew v. Acting Comm'r of Soc. Sec.*, 605 F. App'x 917, 930 (11th Cir. 2015) (unpublished) ("The claimant bears the burden of proving that he is disabled and, thus, is responsible for producing evidence to support his claim . . . Nonetheless, the Commissioner has a limited burden at step five to show the existence of a significant number of jobs that the claimant can perform.") (citing 20 C.F.R. § 416.920(A)(4)(v) (2012))).

The other circuits cited by *Rivera* described the Commissioner's burden at step five as limited in part because the SSA's regulations characterize the burden shift to the Commissioner as limited. Section 416.920(A)(4)(v) of Title 20, Code of Federal Regulations, states that the Commissioner must assess whether a claimant can make an adjustment to other work. Section 404.1560(c)(2) adds that the Commissioner is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that you can do, given your residual functional capacity and vocational factors." Although a claimant must

prove that she is disabled at steps one through four, the Commissioner must prove at step five only that the claimant can adjust to other work. The Commissioner's burden of proof overall is therefore limited.

Plaintiff argues that the ALJ's description of the burden of proof is problematic because "[l]ogically, the use of the term 'limited' is an oxymoron. A burden of proof is absolute. Either a party has it or not. A 'limited' burden is a logical impossibility."[5] Pl.'s Reply 7, ECF No. 23. Plaintiff attempts to distinguish *Rivera*, arguing that *Rivera* "does not appreciate the problem just described, because of inconsistent and confusing use of these terms by the agency." *Id.* Plaintiff contends that the regulation quoted by *Rivera* is confusing because while it refers to a limited burden, it actually describes a "complete shift[.]" *Id.* at 7-8. The problem for Plaintiff, however, is that the step five burden is limited because the regulations, *Rivera*, *Poupore*, and *Bellew* all recognize that the *shift* in the burden of proof to the Commissioner is limited. This is because, at step five, the Commissioner only needs to "show that the [plaintiff] retains sufficient residual functional capacity (RFC) to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261. Plaintiff's attempted differentiation of *Rivera* is more of a criticism of the language used by courts and the regulations to describe the burden of proof – and its shift to the Commissioner - at step five. None of Plaintiff's arguments actually distinguish *Rivera* or otherwise challenge its reasoning.

Although Plaintiff points to *Haddock* and *Grogan* as decisions that support her argument, neither *Haddock* nor *Grogan* states that the language the ALJ used in this case is inaccurate. *See*

---

[5] Plaintiff also argues that Judge Lynch previously recommended, and Judge Vazquez decided, that almost identical language describing the Commissioner's burden of proof at step five was erroneous, and reversed because of it. Pl.'s Mot. 16, ECF No. 19.. Plaintiff further argues that the ALJ's failure to "change her recitation of the respective burdens" was error because of Judge Lynch's previous order. *Id.* Because there is published and unpublished case law affirming identical language, this Court will not reverse, notwithstanding any prior recommendation or decision in this case.

Pl.'s Mot 17-18 (citing *Haddock*, 196 F.3d at 1091 ("It would be anomalous to read the agency's regulations to allow an ALJ to disregard the Dictionary at step five - where the ALJ bears the burden - when the ALJ is allowed to rely conclusively on essentially the same information from the Dictionary at step four."); *Grogan*, 399 F.3d at 1261 ("If the [plaintiff] successfully meets his burden, the burden of proof shifts to the Commissioner at step five to show that the [plaintiff] retains sufficient residual functional capacity (RFC) to perform work in the national economy, given his age, education, and work experience.") (internal citations omitted)). Indeed, the ALJ's language here is consistent with *Grogan*. Although the ALJ characterized the Commissioner's burden as a limited one, that description was accurate because Plaintiff must first establish a prima facie case of disability at steps one through four, which *Grogan* explained. *See* 399 F.3d at 1261.

There is a further and alternative reason why the ALJ's description of the Commissioner's burden at step five does not require reversal: Unpublished case law from this District supports utilizing harmless error analysis in deciding this issue. *Romero v. Colvin* provides that even assuming that the ALJ inaccurately described the burden at step five, the plaintiff did not "explain how such an error affected the ALJ's decision." No. 11-cv-0994 JB/SMV, 2013 WL 12329085 at *5 (Sept. 18, 2013). The *Romero* plaintiff did not show "that the ALJ failed to *apply* the correct legal standard at step five[.]" *Id.* (citing *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) ("The standard of review in a social security appeal is whether the correct legal standards were *applied* and whether the decision is supported by substantial evidence.") (emphasis added)). Similarly, Plaintiff does not argue here that the ALJ applied the incorrect standard. To the contrary, the VE identified three occupations Plaintiff could do with her RFC, none of which were challenged on appeal. Because *Rivera* affirmed the ALJ's use of

identical language for the burden of proof at step five, and because Plaintiff did not argue or show that the ALJ actually applied the incorrect burden of proof at step five, the Court affirms the ALJ's description of the Commissioner's burden of proof at step five.

> B. **The ALJ Properly Evaluated Whether the VE's Testimony Was Consistent with the DOT**

Plaintiff next asserts that the ALJ never asked the VE whether her testimony was consistent with the DOT, which Plaintiff contends was required by *Haddock*, 196 F.3d at 1091, and SSR 00-4p, 2000 WL 1898704.[6] Pl.'s Mot. 18-21. But the record indicates otherwise. The ALJ asked the VE: "Do you understand if you give an opinion which conflicts with the information in the DOT or it's not addressed in the DOT that you will advise me of the difference?" AR 940. The VE answered in the affirmative, and then at no point during her testimony did she advise the ALJ that there was any difference between her testimony and the DOT. Plaintiff argues in her Reply that the ALJ's question was not sufficient to ensure that the VE's testimony and the DOT were consistent because it was "premature" and because "it only asked the VE to disclose any inconsistency with the DOT, while the regulations require affirmation of consistency as well." Pl.'s Reply 1. Plaintiff asserts that "[t]he relevant regulations clearly show that the ALJ's duty to assure DOT consistency does not arise until the VE has given his/her opinion." *Id.* To support this argument, Plaintiff cites SSR 00-4p, which

---

[6] Plaintiff also argues that *Poppa v. Astrue*, 569 F.3d 1167 (10th Cir. 2009), does not apply because the plaintiff in that case did not raise the burden of proof issue that Plaintiff has raised here. Pl.'s Mot. 20. The Court agrees that *Poppa* does not apply, but for a different reason. In *Poppa*, although the ALJ did not inquire at all regarding potential conflicts between the VE's testimony and the DOT, that error was held to be harmless because ultimately there was no conflict. *See* 569 F.3d at 1174 ("Because there were no conflicts between the VE's testimony and the DOT's job descriptions, the ALJ's error in not inquiring about potential conflicts was harmless.") (internal citations omitted). Here, because the ALJ asked the VE to advise her if her testimony differed from the DOT, the ALJ still complied with her duty to ensure that the VE's testimony was consistent with the DOT, and there was no error. Further, here, Plaintiff acknowledged that there may not be a conflict between the VE's testimony and the DOT, and certainly did not allege such a conflict on appeal. *See* Pl.'s Mot. 20 ("Plaintiff here does not yet take a position on whether the evidence which the ALJ prematurely accepted is consistent with the DOT, or reasonably deviates therefrom[.]"). *Poppa* therefore does not apply.

11

states that the ALJ will ask the VE "if the evidence he or she *has provided* conflicts with information provided in the DOT[.]" 2000 WL 1898704 at *4 (emphasis added).

The Court will not embrace Plaintiff's inflexible and inelastic interpretation of the requirements of *Haddock* and SSR 00-4p. *Haddock* requires only that "the ALJ must investigate and elicit a reasonable explanation for any conflict between the Dictionary and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability." 196 F.3d at 1091. *Haddock* does not explicitly require an ALJ to do so only *after* the VE testifies. The Court does not discern a meaningful difference between one scenario in which the ALJ waits until the end of a VE's testimony to inquire about inconsistencies with the DOT and a second scenario in which the ALJ instructs the VE at the outset to alert the ALJ to any such inconsistencies as the VE's testimony takes place. Although the first scenario may be the sequence most frequently followed, and may arguably be preferable, this Court does not conclude that the ALJ is *required* to adhere to it, either by *Haddock* or SSR 00-4p. It was sufficient for the ALJ to prospectively ask the VE to advise her if her testimony conflicted with the DOT, and therefore the ALJ did not err by doing so. *See* AR 940.[7]

**C. The ALJ Did Not Err by Considering Evidence Only from the First Adjudication of Benefits**

Plaintiff asserts that the ALJ erred by failing to augment the record in this case to include evidence from Plaintiff's second adjudication of benefits. Pl.'s Mot. 21-22. But confusingly, Plaintiff also argues that the ALJ was aware of the second adjudication of benefits and reviewed its record. *See* Pl's Mot. 21-22; Pl.'s Reply 9. In advancing this argument, Plaintiff does not cite to case law or regulations purporting to require an ALJ to develop the record during a time period that is *subsequent* to the time period being considered in the instant adjudication. Plaintiff

---

[7] This is particularly true where, as here, Plaintiff has still not identified any such inconsistencies between the VE's testimony and the DOT.

12

also has failed to address relevant unpublished Tenth Circuit case law and compounded her error by failing to identify what evidence from the second disability adjudication the ALJ failed to consider.

For her part, the Commissioner asserts that the ALJ adequately developed the record because the ALJ had sufficient evidence to make a disability determination for the period under consideration. Def.'s Resp. 8. The Commissioner also points out that Plaintiff could have submitted evidence from outside the relevant time period to either the ALJ or the Appeals Council but did not do so, *id.* at 9, an argument to which Plaintiff does not respond in her Reply. The Commissioner emphasizes that the ALJ was not required to further develop the record, and Plaintiff's subsequent favorable disability determination does not compel the conclusion that the original decision was incorrect. *Id.* (citing *Simmons v. Colvin*, 635 F. App'x 512, 516 (10th Cir. 2015) (unpublished)).

The Court pauses here to observe that Plaintiff waited until her Reply to argue that the AC ordered the ALJ to review the record of the later, successful adjudication of benefits. *See* Pl.'s Reply 9. The Court rejects the argument for that reason alone.[8] Even were it to address the merits of this argument, however, the Court would disagree with Plaintiff's characterization of the AC remand order. That order clearly stated that:

> The Appeals Council neither affirms nor reopens the determinations on the claimant's subsequent applications, but instead directs the Administrative Law Judge to evaluate the claimant's subsequent allowance pursuant to the reopening provisions set forth in [20 C.F.R. §§ 404.987-989, 416.1487-1489], HALLEX I-2-9-1, and HALLEX I-2-9-10. If the Administrative Law Judge does not reopen the

---

[8] The Court does not consider on appeal arguments made for the first time in a reply brief. *See In re Gold Resource Corp. Securities Litigation*, 776 F.3d 1103, 1119 (10th. Cir. 2015) ("While it is true that we generally do not 'review issues raised for the first time in a reply brief, we make an exception when the new issue argued in the reply brief is offered in response to an argument raised in the [appellee's] brief.'") (quoting *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1166 n.3 (10th Cir. 2003)); *State Farm Fire & Cas. Co. v. Mhoon,* 31 F.3d 979, 984 n. 7 (10th Cir. 1994) (issue waived if not raised in opening brief); *Lyons v. Jefferson Bank & Trust,* 994 F.2d 716, 724 (10th Cir. 1993) (generally, issues raised for first time in reply brief will not be considered).

subsequent determinations, the favorable determinations will remain final and the issue of disability will be *limited to the period prior to November 14, 2012*.

AR 1013 (emphasis added).

Pursuant to this language, the ALJ considered whether to reopen the subsequent disability determination, but did not find good cause to do so. AR 886. Instead, the ALJ concluded that the findings made in connection with the later determination were "final and binding, because [Plaintiff] did not [timely] appeal." AR 886. Therefore, the ALJ concluded, "the issue of disability is in this case limited to the period prior to November 14, 2012. [Plaintiff] is alleging disability since May 28, 2008." AR 886. Plaintiff does not argue that the second disability determination should have been reopened, and Plaintiff also does not provide any support for her argument that the ALJ should have considered evidence from after November 13, 2012, in the absence of reopening the second disability determination.

### 1. Status of the law

Plaintiff had several available means by which to introduce evidence from the second adjudication of benefits. In the context of an administrative hearing, the definition of admissible evidence is broad: "The administrative law judge may receive any evidence at the hearing even though the evidence would not be admissible in court under the rules of evidence used by the court." 20 C.F.R. § 404.950 (2010).[9] The regulations also instruct a plaintiff that "[i]f possible, the evidence or a summary of evidence you wish to have considered at the hearing should be submitted to the administrative law judge with the request for hearing or within 10 days after filing the request. Each party shall make every effort to be sure that all material evidence is received by the administrative law judge or is available at the time and place set for the hearing."

---

[9] This is the version of this regulation that was in effect at the time Plaintiff filed her application for benefits.

20 C.F.R. § 404.935 (2006).[10] Section 404.1512 (2006)[11] of Title 20, Code of Federal Regulations, explicitly requires a plaintiff to "prove to us that you are blind or disabled. Therefore, you must bring to our attention everything that shows that you are blind or disabled. This means that you must furnish medical and other evidence that we can use to reach conclusions about your medical impairment(s) and, if material to the determination of whether you are blind or disabled, its effect on your ability to work on a sustained basis."

The Tenth Circuit has squarely addressed this issue, albeit in an unpublished decision. *See Simmons v. Colvin*, 635 F. App'x 512, 516 (10th Cir. 2015) (unpublished). Mr. Simmons obtained a favorable disability determination upon a second application for social security benefits, and subsequently challenged his first unfavorable disability determination. *Id.* *Simmons* affirmed the district court's decision not to consider the subsequent determination because, under 42 U.S.C. § 405(g), the district court's "review was limited to the agency record developed in conjunction with the decision before it." *Id.* (citing *Gabrys v. Comm'r*, 620 F. App'x 80, 82 (3d Cir. 2015) (noting that under § 405(g) "review is limited to the evidence in the record at the time the ALJ rendered his decision" and thus "subsequent disability awards . . . do not undermine the ALJ's conclusions" in the earlier decision)).

While *Simmons* acknowledged that "*evidence supporting* the later determination might possibly have some relevance to the earlier period," "[the later] determination is not in itself material to the earlier time period at issue here." 635 F. App'x at 516-17. As in this case, the plaintiff in *Simmons* "did not avail himself of any of the means to bring such new evidence before the agency. He did not (1) submit it to the Appeals Council on direct review of the ALJ's original decision for inclusion in the record as new material evidence under 20 C.F.R. §

---

[10] This is the version of this regulation that was in effect at the time Plaintiff filed her application for benefits.
[11] This is the version of this regulation that was in effect at the time Plaintiff filed her application for benefits.

404.970(b); or (2) submit it to the agency in connection with a motion to reopen the original proceeding on the basis that it met the requirements for new material evidence under 20 C.F.R. § 404.989; or (3) submit it to the district court in connection with a motion for remand on the basis that it met the requirements for new material evidence under 42 U.S.C. § 405(g)." *Id.* at 517. Plaintiff has failed on each of these bases here, too.

### 2. The ALJ did not err in considering evidence only from May 28, 2008 to November 13, 2012

There are three reasons why the Court affirms the ALJ on this issue. First, although Plaintiff relies on the AC's remand order and Judge Lynch's PFRD, Plaintiff does not address what either actually says. The AC remand order stated that if the ALJ did not reopen the subsequent determination, "the favorable determinations will remain final and the issue of disability will be limited to the period *prior to November 14, 2012*." AR 1013 (emphasis added). In his PFRD, Judge Lynch stated only that the ALJ should "review the burden at step five as set forth in 20 C.F.R. §§ 404.1520 and 416.920." AR 1010. Judge Lynch did not recommend, nor did Judge Vazquez order, the ALJ to specifically review the record from the second disability determination.

Second, as discussed *supra* at 14-15, Plaintiff did not avail herself of any of the available means to provide additional evidence to the ALJ. Plaintiff also does not identify on appeal what evidence the ALJ should have considered from the second adjudication. Plaintiff should have introduced the evidence she felt was relevant from the second adjudication if she wanted the ALJ to consider it. *See* 20 C.F.R. § 404.935; 20 C.F.R. § 404.950; *Simmons*, 635 F. App'x at 516 (noting plaintiff "did not avail himself of any of the means to bring such new evidence before the agency"). Plaintiff also argues repeatedly in her Reply that the ALJ was aware of the second adjudication *and* had reviewed its record. Pl.'s Reply 9. Even if that was true, which the Court

need not decide, Plaintiff does not coherently argue why the ALJ erred in considering the evidence from the second adjudication.

Finally, during the hearing, the ALJ repeatedly discussed the evidence before her and gave Plaintiff's counsel the opportunity to introduce additional evidence. The ALJ told Plaintiff's counsel that she had exhibits 1F through 33 [AR 913], all of which concerned the time period of May 28, 2008 to November 13, 2012. When it became clear that Plaintiff's counsel was otherwise occupied while the ALJ was describing the evidence before her, the ALJ asked Plaintiff's counsel if she wanted her to list the exhibits before her again, and Plaintiff's counsel stated, "I have no objection [to the list of exhibits before the ALJ]." AR 913. The ALJ then asked Plaintiff's counsel, "Do you have any additional exhibits that have not been submitted whether or not they're favorable to your client?" AR 914. Plaintiff's counsel responded no. AR 914. The ALJ then asked, "And the case is ready for decision today?" AR 914. Plaintiff's counsel responded affirmatively. AR 914.

The ALJ later confirmed with Plaintiff's counsel that she was considering just "this period" of disability after Plaintiff's counsel raised the issue of Plaintiff's second disability application being approved with an onset date of the day after the first ALJ decision. AR 916-17. After the VE testified, the ALJ said, "Ms. Kuykendall, you understand that I have to make my decision based on that little window and the medical records have to support it." AR 956. Plaintiff then stated, "During that time, there is the doctor's report from - " and then Plaintiff's counsel stated, "We have everything in there." AR 956. The ALJ then asked Plaintiff's counsel again whether Plaintiff would consider amending her onset date, but Plaintiff's counsel declined to do so. AR 956. Plaintiff's counsel asked the ALJ to "read clearly [Plaintiff's] testimony of several years ago when her memory of what was going on was fresher too, that and the district

17

court judge's opinions." AR 957. The ALJ confirmed that she would look at the district court's opinion, but stated that she "probably won't listen to [Plaintiff's] testimony unless it's required through the Order." AR 957-58. The ALJ then asked whether Plaintiff had anything further to add, and Plaintiff's counsel confirmed that she did not. AR 958. Again, Judge Lynch's recommendation that the case be remanded, which Judge Vazquez adopted, did not direct the ALJ to review the record from the second disability determination.

The ALJ repeatedly informed Plaintiff that the period under consideration was from May 28, 2008, to November 13, 2012, and Plaintiff did not attempt to introduce additional evidence from outside that period. Because the ALJ properly considered evidence from only that time period, the Court concludes that the ALJ did not err and affirms the ALJ's decision as supported by substantial evidence.

V. **CONCLUSION**

For the foregoing reasons, the Court holds that the ALJ's decision was supported by substantial evidence and the correct legal standards were applied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand or Reverse Agency Decision [ECF No. 18] is **DENIED.**

**IT IS FURTHER ORDERED** that the Commissioner's final decision is **AFFIRMED** and that the instant cause is **DISMISSED.**

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE
*Presiding by Consent*